# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| DARYL WALLACE,<br><br>    Plaintiff,<br><br>v.<br><br>BYTE SUCCESS MARKETING, LLC<br>d/b/a USA HEALTH INITIATIVES, and<br>PILLPACK, INC.,<br><br>    Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 2:17-cv-14230<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DARYL WALLACE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BYTE SUCCESS MARKETING, LLC d/b/a USA HEALTH INITIATIVES ("USA Health"), and PILLPACK, INC. ("PillPack") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, the Michigan Home Solicitations Sales Act ("HSSA") under M.C.L. § 445.111 *et seq.*, and the Michigan Consumer Protection Act ("MCPA") under M.C.L. § 445.901 *et seq.*, for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred in the Eastern District of Michigan.

**PARTIES**

4. Plaintiff is a 46 year-old natural "person," as defined by 47 U.S.C. §153(39), residing at 12646 Hampshire Street, Detroit, Michigan, which lies within the Eastern District of Michigan.

5. USA Health is a company "dedicated to bringing [its customers] health related products and services to relieve pain, prevent injuries, and improve and preserve [its customers'] quality of life."[1] USA Health is a limited liability company organized under the laws of the state of North Carolina with its principal place of business located at 8440 Pit Stop Court NW, Concord, North Carolina.

6. PillPack is a "full-service pharmacy" offering "a service that improves every moment of taking [its client's] medication – and then some."[2] PillPack is a corporation organized under the laws of the state of Delaware with its principal place of business located at 250 Commercial Street, Suite 2012, Manchester, New Hampshire.

7. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

8. Defendants acted through their respective agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

---

[1] http://www.usahealthinitiatives.com/
[2] https://www.pillpack.com/service

9. In approximately September 2017, Plaintiff acquired a new cellular phone number, (313) XXX-8085.

10. Shortly thereafter, Plaintiff began receiving calls from USA Health to his new cellular phone.

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8085. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. USA Health mainly uses the number (413) 930-2028 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

13. Upon information and belief, the above referenced phone number ending in 2028 is regularly utilized by USA Health during its solicitation activities.

14. When Plaintiff answers calls from USA Health, he experiences a noticeable pause, lasting several seconds in length, before being connected with a live representative.

15. Plaintiff never inquired about USA Health's services and was confused as to why it was contacting him.

16. Upon answering USA Health's calls, Plaintiff was informed it was calling to solicit a "Cynthia Hunt" to engage in its services.

17. Plaintiff informed USA Health he was not the party it was seeking and demanded that the solicitation calls stop.

18. Despite Plaintiff's demand, USA Health continued to place solicitation phone calls to Plaintiff's cellular phone up until the filing of the instant action.

19. USA Health has, on numerous occasions, placed multiple phone calls to Plaintiff's cellular phone on the same day.

20. For example, from November 13, 2017 through November 18, 2017, USA Health placed anywhere from two to three calls per day to Plaintiff's cellular phone, totaling 14 calls over that span.

21. Plaintiff has received not less than 20 phone calls from USA Health since he demanded that it cease contacting him.

22. Upon information, PillPack played a role in placing or causing to be placed the phone calls to Plaintiff's cellular phone serving as the basis of the instant complaint.

23. As such, PillPack is vicariously or directly liable for the phone calls placed by USA Health to Plaintiff's cellular phone.

24. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

25. With the goal of specifically addressing Defendants' conduct, Plaintiff has expended approximately $50.00 to purchase and maintain an application subscription on his cellular phone to quell Defendants' calls, yet the calls have persisted.

26. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted solicitation calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(AGAINST DEFENDANTS)

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendants used an ATDS in connection with their communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, that Plaintiff experienced on answered calls from Defendants is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the frequency and nature of Defendants' calls, including placing multiple phone calls on the same day, further indicates the use of an ATDS.

30. Defendants violated the TCPA by placing or causing to be placed at least 20 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff does not have any business relationship with Defendants nor has he ever given them permission to call his cellular phone. As such, he could not have given Defendants consent to contact him. Any consent that Plaintiff *may* have given to Defendants to call his cellular phone was explicitly revoked by his demands that they cease contacting him.

31. The calls placed by Defendants to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendants are liable to Plaintiff for at least $500.00 per call. Moreover, Defendants' willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DARYL WALLACE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendants from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN HOME SOLICITATION SALES ACT
(AGAINST DEFENDANTS)

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" as defined by M.C.L. § 445.111(k).

35. Defendants' calls to Plaintiff are "telephone solicitation[s]" as defined by M.C.L § 445.111(m) as they are voice communications over a telephone made for the purpose of encouraging individuals to purchase, rent, or invest in Defendants' goods or services.

36. Defendants are "telephone solicitor[s]" as defined by M.C.L. § 445.111(n) as they are persons doing business in Michigan who make or cause to be made telephone solicitations from within or outside Michigan.

37. The HSSA, under M.C.L. § 445.111c(1)(g), provides that it is a violation of the Act for a telephone solicitor to "[m]ake a telephone solicitation to a consumer in this state who has requested that he or she not receive calls from the organization or other person on whose behalf the telephone solicitation is made."

38. Defendants violated M.C.L. § 445.111c(1)(g) by placing or causing to be placed continuous solicitation calls to Plaintiff's cellular phone after Plaintiff had demanded that such calls cease. Plaintiff clearly informed Defendants he was not the party they were seeking and that he was not interested in their services. As such, by continuing to place or causing to be placed calls attempting to solicit Plaintiff's business after such demands were made and information was provided, Defendants violated the HSSA.

WHEREFORE, Plaintiff, DARYL WALLACE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.111c(3);

c. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.111c(3);

d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.111c(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT
(AGAINST DEFENDANTS)

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "person" as defined by M.C.L. § 445.902(1)(d).

41. Defendants' conduct involves "trade and commerce" as defined by M.C.L. § 445.902(1)(g) as it is conduct of a business providing services primarily for personal, family or household purposes, including the solicitation of such services.

42. The MCPA, under M.C.L § 445.903, provides that "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful . . . ." The MCPA

7

then provides an extensive list of specific unfair, unconscionable, and deceptive conduct constituting violations of the MCPA.

43. As illustrated below, Defendants violated several of those specific provisions.

### a. Violations of M.C.L. § 445.903(1)(b)

44. The MCPA, pursuant to M.C.L. § 445.903(1)(b), prohibits an entity from "[u]sing deceptive representations . . . in connection with goods or services."

45. Defendants violated M.C.L. § 445.903(1)(b) when they used deceptive means to attempt to solicit Plaintiff's business. Defendants repeatedly made or caused to be made solicitation calls to Plaintiff after being told that such calls must cease. Through their conduct, Defendants deceptively represented to Plaintiff that they had the legal ability to contact him via an automated system when, not only did they not have consent to place or cause to be placed such calls in the first place, but were also subsequently told to stop calling.

### b. Violations of M.C.L. § 445.903(1)(n)

46. The MCPA, pursuant to M.C.L. § 445.903(1)(n) prohibits an entity from "[c]ausing a probability of confusion of or misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction."

47. Defendants violated M.C.L. § 445.903(1)(n) when they continued to call or caused such calls to continue being placed to Plaintiff's cellular phone using an automated system absent consent. Through their conduct, Defendants represented to Plaintiff that, notwithstanding Plaintiff's lack of consent to receiving their calls as well as his demand that they cease calling, Defendants maintained the lawful ability to continue calling. Such conduct caused a probability of confusion as to Plaintiff's legal rights, as such conduct suggests that Plaintiff could not get Defendants' calls to stop merely by asking. However, under both the TCPA and Michigan law,

Defendants were obligated to cease attempts at soliciting Plaintiff's business using an automated system after consent for such calls had been explicitly revoked. Further, under the TCPA, Defendants never had the requisite prior express consent to contact Plaintiff on his cellular phone. As such, by placing their phone calls to Plaintiff absent his consent, Defendants caused a probability of confusion as to Plaintiff's legal rights to have the solicitation calls cease.

### c. Violations of M.C.L. § 445.903(1)(gg)

48. The MCPA, pursuant to M.C.L. § 445.903(1)(gg), provides that it is a violation of the MCPA to violate the HSSA.

49. As illustrated above, Defendants violated the HSSA by continuing to solicit Plaintiff's business or causing such solicitations to continue after Plaintiff demanded that such calls cease. Therefore, Defendants' conduct also constitutes a violation of the MCPA.

WHEREFORE, Plaintiff, DARYL WALLACE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendants from continuing their conduct, pursuant to M.C.L. § 445.911(1)(b);

c. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.911(2);

d. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.911(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.911(2);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 29, 2017                              Respectfully submitted,


s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com